UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**NICOLE MILLER,**
      **Plaintiff,**        **CASE NO. 21-cv-551**

v.

**RPHLINK LLC,**

**and**

**JUDE P. JEAN-PIERRE**
      **Defendants.**

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought by Plaintiff Nicole Miller against RPhLink LLC and Jude P. Jean-Pierre for unpaid minimum and overtime wages under the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin wage and hour laws or unpaid agreed upon wages under Wisconsin wage and hour laws, or, alternatively, breach of contract under Wisconsin law.

2. Plaintiff Miller was employed by Defendant RPhLink LLC, between approximately October 7, 2019 and January 26, 2020 as a Relief Pharmacist. Defendant RPhLink LLC is owned and operated by Jude P. Jean-Pierre. Defendant RPhLink LLC has failed to pay Plaintiff Miller for all hours worked and failed to reimburse hotel and mileage expenses as agreed-upon by RPhLink LLC.

3. As a result of the above, RPhLink LLC and Jude P. Jean-Pierre have failed to compensate Plaintiff Miller at the minimum and overtime wages for all hours worked in violation of the FLSA as well as Wisconsin wage and hour laws. RPhLink LLC and Jude P. Jean-Pierre have further violated Wisconsin law's agreed-upon wage provisions or, alternatively, have breached their employment contract with Plaintiff Miller in violation of Wisconsin law.

4. Plaintiff Miller brings this action for the purpose of obtaining relief under the FLSA for unpaid minimum and overtime wages, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Miller brings this action for purposes of obtaining relief under Wisconsin wage and hour laws for unpaid minimum and overtime wages, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Finally, Plaintiff Miller alternatively brings this action for the purposes of obtaining relief under Wisconsin law for breach of contract, including contractual damages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

6. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within this district and Defendant RPhLink LLC has substantial and systematic contacts in this district.

## PARTIES

8. Defendant RPhLink LLC is a Wisconsin Corporation with a principal place of business located in Appleton, Wisconsin.

9. Defendant RPhLink LLC's registered agent for service of process in the State of Wisconsin is Jude P. Jean-Pierre located at its principal place of business in Appleton, Wisconsin.

10. Defendant Jude P. Jean-Pierre ("Mr. Jean-Pierre") is an adult resident of Outagamie County, Wisconsin.

11. Plaintiff Nicole Miller ("Plaintiff") is an adult resident of Fond du Lac County in the State of Wisconsin.

12. Defendants RPhLink, LLC and Jude P. Jean-Pierre will be referred to herein collectively as "RPhLink."

# GENERAL ALLEGATIONS

13. At all relevant times, Mr. Jean-Pierre owned and operated RPhLink LLC.

14. At all relevant times, Mr. Jean-Pierre exercised control over all operational aspects of RPhLink LLC, including compensation, hiring, firing, and scheduling practices for RPhLink's employees.

15. At all relevant times, RPhLink LLC provided pharmacy staffing and consulting services throughout northeastern and southern Wisconsin as well as Illinois.

16. On information and belief, RPHLink LLC has had a gross sales volume in excess of $500,000.00 in each year relevant to this matter.

17. On October 7, 2019, RPhLink offered to employ Plaintiff Miller as a Relief Pharmacist with the potential to transition to a Pharmacy Director Position.

18. At that time, RPhLink provided Plaintiff Miller with an employment application and employment agreement, titled "Independent Contract Employment," which Plaintiff Miller completed and returned to RPhLink on the same date.

19. Per the employment agreement, RPhLink agreed to pay Plaintiff Miller $55 per hour for each hour she worked as a Relief Pharmacist at different pharmacy assignments provided by RPhLink, in addition to travel mileage reimbursements at $0.56 per mile and hotel reimbursements of $90 for workdays greater than one.

20. The employment agreement further provided that Plaintiff Miller was required to complete RPhLink timesheets and travel expense logs as "conclusive evidence of the time worked by the Employee."

21. RPhLink's employment agreement specified that Plaintiff Miller's employment began on October 6, 2019 but did not contemplate an end date of employment.

22. Shortly after entering into her employment agreement, RPhLink began to assign Plaintiff Miller shifts as a Relief Pharmacist in the Pharmacy at the Stockbridge Muncie Health and Wellness Center in Bowler, Wisconsin.

23. Plaintiff Miller's duties at a Relief Pharmacist for RPhLink included filling prescriptions, ordering medications, consulting with customers, and conferring with clinic staff and third-party medical professionals in Wisconsin and throughout the United States.

24. Plaintiff Miller was subject to RPhLink's supervision and oversight and workplace rules, as well as that of the Stockbridge Muncie Health and Wellness Center, at all times while employed by RPhLink.

25. Plaintiff Miller was unable to alter the performance of her work in a manner that allowed her to increase her profits while employed by RPhLink.

26. At all times during her employment with RPhLink, Plaintiff Miller served as a Pharmacist on assignments determined by RPhLink pursuant to its staffing services provided to third-party pharmacies, including Stockbridge Muncie Health and Wellness Center.

27. In performing her duties as a Relief Pharmacist for RPhLink, Plaintiff Miller regularly ordered medications manufactured and supplied by vendors outside the State of Wisconsin for purposes of fulfilling prescriptions at the Stockbridge Muncie Health and Wellness Center.

28. Between October 7, 2019 and November 30, 2019, Plaintiff Miller tracked her hours worked, travel mileage, and hotel expenses on RPhLink's timesheets and expenses logs and submitted those documents according to RPhLink's policies.

29. RPhLink compensated Plaintiff Miller for her hours worked as well as travel and hotel expenses in accordance with its employment agreement between October 7, 2019 and November 30, 2019.

30. Between December 1, 2019 through January 25, 2020, Plaintiff Miller worked at the Stockbridge Muncie Health and Wellness Center as assigned by RPhLink.

31. Plaintiff Miller submitted timesheets and expense logs verifying her hours worked and expenses between December 1, 2019 and January 25, 2020 in accordance with RPhLink's policies.

32. Despite performing work at RPhLink's request and submitting timesheets and expense logs according to RPhLink's policies between December 1, 2019 and January 25, 2020, RPhLink failed to provide any compensation to Plaintiff Miller for her work performed for RPhLink during this period.

33. For example, during the workweek of December 1, 2019 through December 7, 2019, RPhLink failed to compensate Plaintiff Miller for 41 hours worked and failed to reimburse Plaintiff Miller for $137.66 in mileage expenses and $200.00 in hotel expenses.

34. During the workweek of December 8, 2019 through December 14, 2019, RPhLink failed to compensate Plaintiff Miller for 42.5 hours worked and failed to reimburse Plaintiff Miller for $137.66 in mileage expenses.

35. During the workweek of December 15, 2019 through December 21, 2019, RPhLink failed to compensate Plaintiff Miller for 42.75 hours worked and failed to reimburse Plaintiff Miller for $137.66 in mileage expenses and $219.50 in hotel expenses.

36. During the workweek of December 22, 2019 through December 28, 2019, RPhLink failed to compensate Plaintiff Miller for 8.5 hours worked and failed to reimburse Plaintiff Miller for $137.66 in mileage expenses and $40.00 in hotel expenses.

37. During the workweek of January 12, 2020 through January 18, 2020, RPhLink failed to compensate Plaintiff Miller for 23 hours worked and failed to reimburse Plaintiff Miller for $137.66 in mileage expenses and $80.00 in hotel expenses.

38. During the workweek of January 19, 2020 through January 25, 2020, RPhLink failed to compensate Plaintiff Miller for 8 hours worked and failed to

reimburse Plaintiff Miller for $137.66 in mileage expenses and $86.00 in hotel expenses.

39. Shortly thereafter, Plaintiff Miller resigned her employment with RPhLink due to RPhLink's ongoing failure to pay her for her worked performed between December 1, 2019 and January 25, 2020.

40. Plaintiff Miller has attempted to recover her unpaid wages directly from RPhLink prior to bringing this lawsuit.

41. Plaintiff Miller attempted to recover her unpaid wages through the State of Wisconsin's Department of Workforce Development's administrative process prior to bringing this lawsuit.

42. As a result of RPhLink's practice of not compensating Plaintiff for all hours work and failing to reimburse agreed-upon expenses, RPhLink violated the FLSA's minimum wage and overtime provisions and Wisconsin wage and hour law's minimum wage, overtime, and agreed-upon wage provisions. Alternatively, RPhLink breached its contract with Plaintiff Miller in violation of Wisconsin law.

43. RPhLink's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended – Unpaid Minimum and Overtime Wages

44. Plaintiff Miller reasserts and incorporates by reference all preceding paragraphs as if restated herein.

45. Since October 7, 2019, while employed by RPhLink, Plaintiff Miller has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

46. Since October 7, 2019, RPhLink LLC has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

47. Since October 7, 2019 while working for RPhLink, Plaintiff Miller has been an employee of RPhLink LLC within the meaning of 29 U.S.C. § 203(e).

48. Since October 7, 2019 while working for RPhLink, Plaintiff Miller has been an employee of Mr. Jean-Pierre within the meaning of 29 U.S.C. § 203(e).

49. Since October 7, 2019, RPhLink LLC has been an employer of Plaintiff Miller as provided under 29 U.S.C. § 203(d) at all times while Plaintiff worked as a Relief Pharmacist for RPhLink.

50. Since October 7, 2019, Mr. Jean-Pierre has been an employer of Plaintiff Miller as provided under 29 U.S.C. § 203(d) at all times while Plaintiff worked as a Relief Pharmacist for RPhLink.

51. RPhLink has violated the FLSA by failing to pay Plaintiff Miller minimum wages for each hour worked and overtime wages for each hour worked in excess of forty per workweek between December 1, 2019 and January 25, 2020.

52. Plaintiff Miller is entitled to liquidated damages in addition to her statutory minimum and overtime wages due to RPhLink's failure to compensate her in accordance with the FLSA between December 1, 2019 and January 25, 2020.

53. Alternatively, Plaintiff Miller is entitled to an award of pre-judgment interest at the applicable legal rate.

54. Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Miller is entitled to reimbursement of her costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Minimum, Overtime, and Agreed-Upon Wages

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as restated herein.

56. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of RPhLink LLC within the meaning of Wis. Stat. §§ 109.01 *et seq.*

57. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of RPhLink LLC within the meaning of Wis. Stat. §§ 103.001 *et seq.*

58. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of RPhLink LLC within the meaning of Wis. Stat. §§ 104.01 *et seq.*

59. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of RPhLink LLC within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

60. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of RPhLink LLC within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

61. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of Mr. Jean-Pierre within the meaning of Wis. Stat. §§ 109.01 *et seq.*

62. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of Mr. Jean-Pierre within the meaning of Wis. Stat. §§ 103.001 *et seq.*

63. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of Mr. Jean-Pierre within the meaning of Wis. Stat. §§ 104.01 *et seq.*

64. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of Mr. Jean-Pierre within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

65. Since October 7, 2019, while working for RPhLink, Plaintiff was an employee of Mr. Jean-Pierre within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

66. RPhLink LLC was an employer of Plaintiff Miller within the meaning of Wis. Stat. §§ 109.01 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

67. RPhLink LLC was an employer of Plaintiff Miller within the meaning of Wis. Stat. §§ 103.001 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

68. RPhLink LLC was an employer of Plaintiff Miller within the meaning of Wis. Stat. §§ 104.01 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

69. RPhLink LLC was an employer of Plaintiff Miller within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

70. RPhLink LLC was an employer of Plaintiff Miller within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

71. Mr. Jean-Pierre was an employer of Plaintiff Miller within the meaning of Wis. Stat. §§ 109.01 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

72. Mr. Jean-Pierre was an employer of Plaintiff Miller within the meaning of Wis. Stat. §§ 103.001 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

73. Mr. Jean-Pierre was an employer of Plaintiff Miller within the meaning of Wis. Stat. §§ 104.01 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

74. Mr. Jean-Pierre was an employer of Plaintiff Miller within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

75. Mr. Jean-Pierre was an employer of Plaintiff Miller within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.* at all times while Plaintiff Miller worked for RPhLink since October 7, 2019.

76. Between December 1, 2019 and January 25, 2020, Plaintiff regularly performed activities as a Relief Pharmacist at the direction and request of RPhLink.

77. Despite requesting Plaintiff Miller to work as a Relief Pharmacist between December 1, 2019 and January 25, 2020, RPhLink has failed to provide Plaintiff Miller her minimum, overtime and/or agreed-upon wages for hours worked in violation of Wisconsin law.

78. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

79. The foregoing conduct, as alleged above, constitutes continued, willful violations of Wisconsin's law requiring the payment of minimum and agreed upon wages.

80. As set forth above, Plaintiff Miller has sustained losses in her compensation as a direct result of RPhLink's violations. Accordingly, Plaintiff Miller seeks damages in the amount of Plaintiff's respective unpaid compensation and such other legal and equitable relief as the Court deems just and proper.

81. Under Wis. Stat. §109.11, Plaintiff Miller is entitled to civil penalties equal to her unpaid wages.

82. Plaintiff Miller is further entitled to recovery of attorneys' fees and the costs of this action to be paid by RPhLink, pursuant to the Wisconsin law.

## THIRD, ALTERNATIVE CLAIM FOR RELIEF
### Violation of Wisconsin Law – Breach of Contract

83. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as restated herein.

84. RPhLink offered to employ Plaintiff Miller as a Relief Pharmacist effective October 6, 2019 and, in doing so, set forth the terms under which Plaintiff Miller would be compensated for her work in its employment contract.

85. Plaintiff Miller accepted RPhLink's offer of employment on October 7, 2019.

86. In agreeing to the employment agreement, Plaintiff and RPhLink entered into a valid and binding contract under Wisconsin Law.

87. Between December 1, 2019 and January 25, 2020, Plaintiff Miller performed work pursuant to her employment agreement with RPhLink.

88. RPhLink has breached its contract with Plaintiff Miller by failing to provide payment for all hours worked, travel mileage incurred, and hotel expenses incurred between December 1, 2019 and January 25, 2020 in accordance with the terms of the contract.

89. RPhLink's failure to abide by the agreement has caused significant damages to the Plaintiff Miller.

90. RPhLink is liable for the total of the unpaid wages, mileage, and hotel fees owed under the terms of the agreement.

# **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

a) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring RPhLink's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

b) An Order finding that RPhLink violated the FLSA and Wisconsin wage and hour laws or, alternatively, that RPhLink violated its contract with Plaintiff Miller in violation of Wisconsin law;

c) An Order finding that RPhLink's violations of the FLSA and Wisconsin wage and hour laws were willful, dilatory, and unjust;

d) Judgement against RPhLink in the amount equal to the Plaintiff's unpaid wages at the applicable minimum, overtime, and/or agreed-upon wages, unpaid mileage expenses at the applicable agreed-upon rate, and unpaid hotel expenses at the agreed-upon rate;

e) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

f) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest;

g) Such further legal and equitable relief as the Court deems just and equitable.

Dated this 29th day of April 2021.

                                            Respectfully submitted,

                                            *s/ Timothy P. Maynard*
                                            Larry A. Johnson, SBN 1056619
                                            Summer H. Murshid, SBN 1075404
                                            Timothy P. Maynard, SBN 1080953
                                            Nathan Caputa, SBN 1115499

                                            **Hawks Quindel, S.C.**

222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com
ncaputa@hq-law.com

**Attorneys for Plaintiff Miller**